UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
F I L E D
JAN 23 2019
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 5:19-10-JMH

UNITED STATES OF AMERICA                                    PLAINTIFF

V.     **MOTION OF UNITED STATES FOR COMPLEX CASE
       DESIGNATION AND MODIFIED DISCOVERY SCHEDULE**

BENIAMIN-FILIP OLOGEANU                                     DEFENDANT

\* \* \* \* \*

The United States moves to have this matter designated as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). The government states that this case is sufficiently unusual and complex such that, absent an order designating this case as complex, it would be unreasonable to expect adequate preparation for trial within the time limits established by 18 U.S.C. § 3161. As a result of the complexity of this case, the United States also requests that the Court delay its issuance of a pretrial discovery order, so that the United States may confer with counsel on a timeline, method of disclosure, and other miscellaneous discovery-related issues.

Arising from a years-long international fraud scheme, this Indictment is related to an Indictment filed in *United States v. Stoica,* 0:18-CR-81 (E.D. Ky.), which currently remains under seal. [*See* Notice of Related Case, filed January 17, 2019.] The related matter charges another 15 foreign nationals with RICO violations, wire fraud conspiracies, money laundering conspiracies, and aggravated identity theft (against one defendant). Of the 16 individuals charged in these two related matters, 15 of the Defendants have been arrested and are in law enforcement custody, and eight have been extradited to the United States.

The Government respectfully submits that this matter—which includes hundreds of potential victims and cooperating witnesses; key evidence and testimony tied to foreign sources; and voluminous discovery—is unusually complex. The Indictment's global reach includes a broad universe of probative evidence, which necessitates a lengthy timeframe for examination and preparation in advance of trial. Victims and testifying coconspirators are located throughout the United States. Significant amounts of evidence, including potential witnesses, reside in other countries. Some of the anticipated witnesses include international law enforcement. Managing the review of this evidence, by itself, presents an unusual and complex proposition.

But international intricacies are not the only factors at play. The voluminous discovery in this case includes thousands of emails, social-media messages, and bank records. *See, e.g., United States v. Briddy*, No. 3:07-CR-51, 2007 WL 1891590, at *5 (E.D. Tenn. June 28, 2007) (declaring a case "to be unusual and complex for purposes of the Speedy Trial Act due to the nature of the prosecution and the voluminous discovery involved"). The discovery database presently contains 5.5 terabytes of data, which will grow as the electronic devices and other evidence seized by Romanian and Bulgarian authorities under Romanian and Bulgarian law are added. The evidence is not only voluminous, but also complex, especially given the multiplicity of examples of potentially complicated user-attribution evidence tied to internet accounts, including over 2 million email addresses within the discovery database. Thus, this case is sufficiently complex as to merit such a designation for purposes of the Speedy Trial Act.

Finally, the United States acknowledges that the Court's typical pretrial discovery order requests that the government, within 10 days of arraignment, permit the inspection of all Rule 16 discovery materials. The United States respectfully requests that the Court refrain from setting a discovery schedule until the United States and the defense counsel on this case and for *United*

*States v. Stoica*, have had the opportunity to discuss the timeline, method of disclosure, and other miscellaneous discovery-related issues.

As stated above, prior to the date of the arrest of the Defendant, the United States obtained 5.5 terabytes of data as evidence in this case. The investigative team has spent months organizing the data for producing the materials to the Defendant. Significant law enforcement resources have been expended reviewing materials and identifying those records that need to be disclosed to all defendants across both Indictments, and those that are pertinent to only certain Defendants, so that each Defendant receives a comprehensive, yet tailored set of discovery materials. The hundreds of hours devoted to learning a new discovery database system acquired specifically to handle the voluminous discovery in this case, organizing the discovery, running tests of productions, and other countless tasks associated with getting the discovery ready for the Defendant demonstrates the diligence of the United States in complying with its discovery obligations.

In addition to the 5.5tb previously discussed, Romanian and Bulgarian authorities seized hundreds of electronic devices and other materials under their laws concurrent to the arrest of the Defendant and the defendants of *United States v. Stoica*. The United States has obtained warrants to search through dozens of those devices. Substantial forensic support is necessary for such review. Forensic analysts have been actively obtaining images and running analyses of these devices. Thus, the United States anticipates disclosing discovery materials in at least two stages, both of which may take more time than the typically allotted 10 days.

WHEREFORE, the Government respectfully requests to:

a. Treat this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), for purposes of future Speedy Trial Act calculations; and

b. Delay the issuance of a pretrial discovery order until such time as the United States and defense counsel can confer about the discovery timeline, method of production, and other miscellaneous discovery-related matters.

Respectfully submitted,

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

By:  /s/ Kathryn M. Anderson

Kathryn M. Anderson
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
Kathryn.Anderson@usdoj.gov
(859) 685-4885

Kenneth R. Taylor
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
Ken.Taylor@usdoj.gov
(859)685-4874

Timothy C. Flowers
Senior Trial Attorney
Computer Crime and Intellectual Property Section
1300 New York Avenue NW, Suite 600
Washington, DC 20530
Timothy.Flowers2@usdoj.gov
(202)353-0684

Frank Lin
Senior Trial Attorney
Computer Crime and Intellectual Property Section
1300 New York Avenue NW, Suite 600
Washington, DC 20530
Frank.Lin@usdoj.gov
(202)305-9266