UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:19-10-JMH

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.          MOTION OF UNITED STATES
       FOR ALTERNATIVE VICTIM NOTIFICATION

BENIAMIN-FILIP OLOGEANU                                                           DEFENDANT

\* \* \* \* \*

The United States moves for authorization pursuant to 18 U.S.C. § 3771(d)(2), to employ the alternative victim notification procedures described below, on the grounds that the number of crime victims in this case makes it impracticable to afford all of the crime victims the rights described in § 3771(a). Providing alternative victim notification would be consistent with other courts that have addressed the issue in the context of largescale fraud cases.[1]

Arising from a years-long international fraud scheme, this Indictment is related to an Indictment filed in *United States v. Stoica,* 0:18-CR-81 (E.D. Ky.), which currently remains under seal. [*See* Notice of Related Case, filed January 17, 2019.] The related matter charges another 15 foreign nationals with RICO violations, wire fraud conspiracies, money laundering conspiracies, and aggravated identity theft (against one defendant). Of the 16 individuals charged in these two

---

[1] *See, e.g., United States v. Citicorp*, No. 3:15-cv-78 (SRU), 2015 WL 5595482, at *1 (D. Conn. Sept. 22, 2015) (Department of Justice website and letters to lead counsel for plaintiffs in private civil litigations); *United States v. Madoff*, No. 08 Mag. 2735, slip op. at 1–3 (S.D.N.Y. Mar. 6, 2009) (posting notices about scheduled public proceedings on the U.S. Attorney's Office website and an agreement to have the court-appointed trustee include on its website a link to the U.S. Attorney's Office website); *United States v. Saltsman*, No. 07-CR-641 (NGG), 2007 WL 4232985, at *2 (E.D.N.Y. Nov. 27, 2007) (publication [on the U.S. Attorney's Office website or a Department of Justice website).

related matters, 15 of the Defendants have been arrested and are in law enforcement custody, and eight have been extradited to the United States.

The Crimes Victims' Rights Act (the "Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceeds, including the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)." 18 U.S.C. § 3771(c)(1). The Act also instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e).

Further, the Act recognizes that, for crimes involving "multiple crime victims," the Court has discretion to adopt procedures to afford victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. §3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures that a Court may fashion other than that the procedures be reasonable to effectuate the Act, and that they not unduly complicate or prolong the proceedings. *Id.*

Despite diligent efforts, the exact number of victims has yet to be determined because of the volume data and victims involved in this case. The investigative team has tracked victims through the lens of the Defendant's communication mechanisms. However, the investigation has

2

revealed thousands of email addresses, online accounts, and phone numbers connected to the perpetrators of this fraud and communications with victims. Although the Government's review of these communication platforms has revealed some victims of the scheme, the sheer number of accounts, investigative leads, and correspondence makes it impractical for the Government to locate, with specificity, a discrete and identifiable number of victims.

The investigative team also tracked victims through their payment methods. In doing so, they found a large network of other, domestic actors who were receiving, sending, or transferring payment and/or property in connection with fraud. Properly extrapolated, investigators would be forced to individually vet a growing universe of actors that numbers in the hundreds, and likely thousands. Victim identification itself would cannibalize almost all of the Government's time and resources—which would be an all-consuming and impractical contingency that embodies the need for alternative notification described in the Act.

Compliance with § 3771(a), (b), and (c) in this case is impracticable. Neither the Government nor the Court has the resources to accord all of the victims in this case the notice required by § 3771(a).

As an alternative to the traditional mechanisms for victim notification, the United States proposes to use a website of the Department of Justice or United States Attorney's Office for the Eastern District of Kentucky to post a case-specific page that will contain all required notices. The United States will issue a press release directing victims to the website for more information.

For the reasons cited herein, the United States respectfully requests that the Court issue an order permitting the United States to conduct alternative victim notification under the Act, consistent with the program described herein.

Respectfully submitted,

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

By: *[signature]*
Kathryn M. Anderson
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
Kathryn.Anderson@usdoj.gov
(859) 685-4885

Kenneth R. Taylor
Assistant United States Attorney
260 W. Vine Street, Suite 300
Lexington, Kentucky 40507-1612
Ken.Taylor@usdoj.gov
(859)685-4874

Timothy C. Flowers
Senior Trial Attorney
Computer Crime and Intellectual Property Section
1300 New York Avenue NW, Suite 600
Washington, DC 20530
Timothy.Flowers2@usdoj.gov
(202)353-0684

Frank Lin
Senior Trial Attorney
Computer Crime and Intellectual Property Section
1300 New York Avenue NW, Suite 600
Washington, DC 20530
Frank.Lin@usdoj.gov
(202)305-9266