UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 19-10-JMH

UNITED STATES OF AMERICA                                           PLAINTIFF

V.                          **AGREED PROTECTIVE ORDER**

BENIAMIN-FILIP OLOGEANU                                            DEFENDANT

\* \* \* \* \* \* \*

The Court, having been informed that the United States and the Defendant have agreed to a protective order regarding the handling of discovery materials to be provided by the United States to counsel for the Defendant; the United States and counsel for the Defendant having proposed terms of such an agreed order, as evidenced by the signature of counsel for the Defendant and the United States; and

Whereas the parties have conferred about discovery in this matter; and

Whereas the Defendant's counsel will be provided copies of all of the below referenced items in discovery;

IT IS HEREBY ORDERED:

1. That by agreement of the parties, no discovery materials pertaining to the prosecution of the above-cited matter will be disseminated to anyone other than counsel for the Defendant, other members of the defense team (including staff for counsel and subsequently appointed experts and investigators), and, in compliance with Paragraph 2, any authorized law enforcement official at the Detention Center where the Defendant is being housed (hereinafter, "Detention Center") (collectively, hereinafter, "Authorized Persons").

2. That by agreement of the parties, the Defendant may have access to discovery materials *only* under the supervision of Authorized Persons, or in accordance with the following:

If the Detention Center has computers available for use by the Defendants in the Law Library, or if counsel for the Defendant provides a laptop that is unable to connect to the internet or remotely print to the Detention Center housing the Defendant, defense counsel may provide an electronic storage device containing the discovery materials to the Detention Center (hereinafter, "Electronic Storage Device"). The Defendant may then access it in conformity with this paragraph:

(A) The Defendant may access the Electronic Storage Device on the computers in the Law Library or other secure room that are not connected to the internet.

(B) The Defendant must comply strictly with the rules of the Detention Center in accessing the Electronic Storage Device and its contents, including permissible viewing times, check in and out of the device, and submission to supervision.

(C) The Defendant must not at any time (including at the conclusion of the case) remove the Electronic Storage Device from the Detention Center Law Library or secure room, and must leave the Electronic Storage Device and any notes taken in reviewing its contents in the custody of Detention Center officials when the Defendant is not reviewing it in accordance with these provisions.

3. The Defendant shall not make or retain his own copy of the discovery materials, or personal identifying information contained therein.

4. No discovery materials may be left unattended at any place where they can be taken or copied by anyone who is not an authorized person.

5. No person may publicize or make known to anyone who is not an Authorized Person the content of any of the discovery materials, except for use in any court filing or proceeding as necessary to the defense of this case.

6. Upon completion of this case, including any appeal, discovery materials shall be returned to the prosecution upon request by the prosecution.

HAVE READ AND AGREE:

*[signature]*

Kathryn M. Anderson
Assistant United States Attorney
260 West Vine Street
Lexington, KY 40507-1612
(859) 685-4885
Kathryn.Anderson@usdoj.gov


*[signature]*

David Guarnieri
Counsel for BENIAMIN-FILIP OLOGEANU
McBrayer, McGinnis, Leslie & Kirkland, PLLC
201 East Main Street, Suite 900
Lexington, Kentucky 40507
(859) 305-9724
dguarnieri@mmlk.com