UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. |
| | ) | 5:19-CR-10-JMH-1, 2, 5 |
| v. | ) | |
| | ) | **ORDER** |
| BENIAMIN-FILIP OLOGEANU, AUSTIN EDWARD NEDEVED, AND ANDREW GILBERT YBARRA, II | ) ) ) | |
| | | |
| Defendants. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the court on its own motion to appoint a Coordinating Discovery Attorney and continue the Jury Trial. Previously, this matter was deemed complex. Considering the voluminous discovery in this complex criminal matter, the Court, on its own motion, will appoint Angela Campbell as Coordinating Discovery Attorney in this matter. The Court, being sufficiently advised, **ORDERS AS FOLLOWS**:

1. The Jury Trial, currently scheduled for August 7, 2019, at 9:00 a.m., as to all defendants, is CONTINUED GENERALLY.

2. The Court FINDS that the time is excluded from August 7, 2019, through the new date of the jury trial. The Court further FINDS that the time is excluded as the ends of justice are served by a continuance, outweighing the best interests of the public and defendants in a speedy trial, pursuant to 18 U.S.C. §3161(h)(7)(A). Failure to grant such a continuance would deny the counsel for the defendants reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. §3161 (h)(7)(B)(iv). The Court previously declared this case COMPLEX, pursuant to 18 §3161(h)(7)(B)(ii), due to the nature of the prosecution, the volume of discovery, and number of defendants in this matter. Finally, the Court FINDS that no motion for severance has been filed or granted and all defendants remain joined for trial.

3. On its own motion, the Court APPOINTS Angela Campbell as Coordinating Discovery Attorney.

4. The Coordinating Discovery Attorney shall oversee any discovery issues that are common to all defendants. The Coordinating Discovery Attorney shall assess the most effective and

cost-efficient manner to organize the discovery with input from defense counsel. Her responsibilities will include:

(a) Managing and, unless otherwise agreed upon with the Government, distributing discovery produced by the Government and relevant third-party information common to all defendants;
(b) Assessing the amount and type of case data to determine what types of technology should be evaluated and used so that duplicative costs are avoided, and the most efficient and cost-effective methods are identified;
(c) Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of discovery;
(d) Identifying, evaluating, and engaging third-party vendors and other litigation support services;
(e) Assessing the needs of individual parties and further identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;
(f) Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information.

5. The Government shall provide all universal discovery to the Coordinating Discovery Attorney, including discovery included in the first production of discovery that has already been produced, unless otherwise agreed. Any additional universal discovery not already produced may be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the discovery to all defense counsel. The Government shall work with the Coordinating Discovery Attorney to provide discovery in a timely manner.

6. Individual discovery that is applicable only to certain defendants shall continue to be provided directly to pertinent defense counsel. Then, if necessary, defense counsel may provide individual discovery to the Coordinating Discovery Attorney to coordinate data organization and management.

7. The Coordinating Discovery Attorney shall petition this Court, ex parte, for funds for outside services and shall monitor all vendor invoices for these services including confirming the work that was previously agreed to be performed. But the time spent by the Coordinating Discovery Attorney and her staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office. All petitions for outside services shall include a basis for the requested funds and a determination that the costs of the services are reasonable.

8. Discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney. The Coordinating Discovery Attorney's duties do not include providing additional representation services, and she therefore will not be establishing an attorney-client relationship with any of the defendants.

9. The Coordinating Discovery Attorney shall also provide this Court with monthly ex parte status reports depicting the status of work and whether that work remains within the budget of any funds authorized by the Court.

10. The United States SHALL FILE a status report on or before May 15, 2019, regarding what discovery has been provided to the Coordinating Discovery Attorney and a proposed timeline for any additional discovery to be disclosed to the Coordinating Discovery Attorney.

This the 1st of April, 2019.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge